1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas E. Perez, | ) | Case No. CV14-1062 SRB PHX |
|    Secretary of Labor, | ) | |
|    United States Department of Labor, | ) | |
| | ) | <u>CONSENT JUDGMENT</u> |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Paul Johnson Drywall, Inc., | ) | |
|  an Arizona Corporation | ) | |
| Robert Cole Johnson, individually and | ) | |
| as managing agent of corporate | ) | |
| defendant; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Paul Johnson Drywall, Inc., an Arizona Corporation, and Robert Cole Johnson, individually and as managing agent of corporate defendant (collectively "Defendants"), have agreed to resolve the matters in

controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.   The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.   Defendants have retained defense counsel, and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C.   Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D.   The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of September 11, 2009 through December 15, 2013. The parties have agreed to settle and resolve all alleged violations of the FLSA attributable to Defendants through this Consent Judgment.

E.   The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

F.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Arizona.

G.   Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

H.   Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors, superintendents, or foremen) will be provided with notice of the provisions of this Consent Judgment within 30 days of entry.

I.     On April 1, 2013, Paul Johnson Drywall entered into a contract with Arizona Tract, LLC, whereby Arizona Tract, LLC would provide labor for drywall-related work on Paul Johnson Drywall construction projects.   Effective December 15, 2013, Paul Johnson Drywall terminated the contract with Arizona Tract, LLC.

J.     Defendants understand and expressly acknowledge that after January 15, 2014, all individuals performing drywall hanging and taping services for Defendants will be classified as employees of Defendants.   Defendants understand and expressly acknowledge that said employees enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5).   This Paragraph shall not apply to subcontractors hired by Paul Johnson Drywall as specified in Paragraph 9.

K.     It is the Secretary's contention that Paul Johnson Drywall was a joint employer as defined by 29 C.F.R. § 791.2 from April 1, 2013 through December 15, 2013 (the "Joint Employer Period"), a portion of the Back Wage Accrual Period described in Paragraph 3.   This Consent Judgment only resolves the liability of Defendants for this period and does not resolve any potential liability of other employers for the period described in Paragraph 3.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.     Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning

of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.      Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.      Defendants, jointly and severally, shall not continue to withhold the payment of $278,000 in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of September 11, 2009 through December 15, 2013 ("Back Wage Accrual Period").

4.      Liquidated damages in the amount of $278,000 (constituting 100 percent of the back wages that so became due) are hereby found to be due under the FLSA.

5.      To accomplish the requirements of Paragraphs 3 and 4, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003 the following:

a. Within 30 days after entry of this Consent Judgment, a schedule in duplicate bearing the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, and social security number for each person listed in the attached Exhibit 1.

b. Within 30 days after entry of this Consent Judgment, a certified, or cashier's check or money order in the amount of $278,000. The check shall have the Paul Johnson Drywall name and "BWs" written on it, payable to the order of the "Wage and Hour Div., Labor."

c. Within 30 days after entry of this Consent Judgment, a certified, or cashier's check or money order in the amount of $278,000. The check shall have the Paul Johnson Drywall name and "LDs" written on it, payable to the order of the "Wage and Hour Div., Labor."

d. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 3.25% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

e. The names of employees presently known to the Secretary who are due back wages under this Judgment are listed on Exhibit 1; however, the identity of all employees who performed services for Defendants during the Back Wage Accrual Period is presently unknown. In addition, the employment period for all employees is presently unknown. The Secretary and the Defendants will cooperate in identifying these employees and the amount of back wages and liquidated damages due to all such employees, including, without limitation, employees who provided services to Defendants during the Joint Employer Period. The parties will also cooperate in identifying the employment period during which the employees performed services for Defendants. The amount of back wages attributable to Defendants shall not exceed $278,000. The amount of liquidated damages attributable to Defendants shall not exceed $278,000. The

Secretary will file an Amended Exhibit 1 identifying the employees and the amount of back wages and liquidated damages due to those employees on or before October 1, 2014. The Amended Exhibit 1 shall include the names of employees who performed services for Paul Johnson Drywall during the Back Wage Accrual Period, their period of employment, the amount of back wages due and the amount of liquidated damages due each employee.

f. The Secretary shall allocate and distribute the funds described in Paragraphs 3 and 4, less deductions for employees' share of social security and withholding taxes on the back wage amounts, to the persons named in the attached Exhibit 1 or the Amended Exhibit 1, or to their estates if that is necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

g. Within 30 days after entry of this Consent Judgment, a certified, or cashier's check or money order in the amount of $44,000. The check shall have the Paul Johnson Drywall name and "OT/CMP" written on it, payable to the order of the "Wage and Hour Div., Labor."

6. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; (4) the total premium pay for overtime hours; and (5) if Defendants choose to calculate

pay through any type of production-based system, such as a piece rate system, Defendants shall:  a) notify employees of the standard applicable piece rate to be paid in writing, and keep a written record of any changes to or deviations from the standard applicable piece rate; b) utilize a process or procedure whereby employees are informed, in writing, of changes in the standard piece rate within 7 business days after a change is agreed upon (e.g., utilizing a log book where employees initial changes in the piece rate for a particular project or providing the employee with a document (which may be handwritten) confirming the change in the piece rate); c) maintain a record of the identities of all employees working on any "team" to which a given employee is assigned; d) maintain a record of the precise formula used to calculate how each employees' weekly pay, including overtime pay, is calculated, and provide that formula on each employee's weekly paystub, or make such information open to each employee for inspection; e) calculate overtime at time and one-half the employee's regular rate (the regular rate is calculated by dividing the employee's total weekly earnings before any deductions are made by the total number of hours worked in that workweek); and f) show all deductions on the employee's weekly paystub along with an explanation of the deductions.

b.    Defendants' timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily.  If changes in the time records later are required, Defendants shall designate and authorize one or more individuals in Paul Johnson Drywall's corporate offices to correct time entry errors.  Crew leaders and superintendents may not change or edit employee entered hours on a time sheet.  Defendants will dedicate two individuals to train employees on filling out time cards and perform periodic checks of timecards at various worksites.  This provision shall remain in effect for three years or until an electronic timekeeping

system is implemented.

c.      Before June 30, 2014, Defendants will investigate and analyze the feasibility of using a computerized or telephonic timekeeping system that will:  permit employees (as opposed to supervisors) to report their individual work hours, and shall permit the employees to report such hours from a given worksite; store the data with a third party; and track any changes made to the work hours after initial entry.  If such a system is implemented, Defendants shall designate and authorize one or more individuals in Paul Johnson Drywall's corporate offices to correct time entry errors.  Crew leaders and superintendents should not have the ability to change or edit employee entered hours.

d. Defendants shall maintain all time and payroll records for a period of not less than three years.

e. Defendants shall record all wages paid to employees, regardless of the manner of payment, on its payroll records, and any expense reimbursements may be recorded in Defendants' accounts payable system.

f. Defendants shall inform all supervisors, managers, superintendents, and foremen regarding the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, superintendents, and foremen.

g. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked. The Court makes no finding about Defendants' past payroll practices.

h. Defendants shall not direct supervisors, superintendents, foremen, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors, superintendents, foreman and payroll

providers to encourage workers to report all hours worked.   The Court makes no finding about Defendants' past payroll practices.

i. Defendants shall pay employees all wages owed under the FLSA, less any appropriate deductions allowed by law, and shall not reclassify any portion of the employees' earned FLSA wages as any form of profit-sharing, partnership or corporate distribution.

7.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit 1.   Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.   Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

8.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA.   Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

9.      Notwithstanding Paragraph J above, Defendants may hire subcontractors to perform drywall hanging and drywall taping services ("Drywall Subcontractors") so long as Defendants comply with the requirements of this Paragraph and any individual Drywall Subcontractor (and its affiliates) does not constitute more than 15% of Paul Johnson Drywall's annual direct labor costs.

Additionally, all Drywall Subcontractors combined shall not constitute more than 40% of Paul Johnson Drywall's annual direct labor costs; however, Defendants are permitted to exceed this 40% limitation in any year where, in addition to the requirements listed below, they require that the Drywall Subcontractors hire a third party monitor to ensure their compliance with the FLSA as specified in Paragraph 10.  Further, in Defendants' contracts with its Drywall Subcontractors, Defendants shall confirm that:  a) the Drywall Subcontractor is licensed by the Arizona Registrar of Contractors; b) the Drywall Subcontractor is not a wholly-owned and/or controlled entity/subsidiary of Defendants; c) that the amount Paul Johnson Drywall pays to the Drywall Subcontractor constitutes no more than sixty percent (60%) of the Drywall Subcontractor's total gross revenue for the cumulative three year period following entry of this Consent Judgment, as certified in writing by the Drywall Subcontractor to Paul Johnson Drywall annually in 2015, 2016, and 2017; d) the Drywall Subcontractor has secured workers' compensation insurance for its employees; e) the Drywall Subcontractor will comply with the FLSA to the extent it is applicable; f) the Drywall Subcontractor has the financial viability to pay wages required by the FLSA to all workers assigned to Defendants' projects; and g) the Drywall Subcontractor conducts regular training of its supervisors and employees regarding the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.  This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

10.     In the event that Drywall Subcontractor labor constitutes more than 40% of Paul Johnson Drywall's annual direct labor costs as set forth in Paragraph 9, Defendants shall inform each Drywall Subcontractor performing work for Paul Johnson Drywall that in order to continue working with Paul Johnson Drywall, they must within 90 days of such notification obtain an audit of their compliance

with the FLSA and regulations issued under the FLSA, to be conducted by a third-party monitor hired at the Drywall Subcontractor's expense in accordance with the following requirements:

a. Before the third-party monitor begins work, Drywall Subcontractor shall provide the identity and curriculum vitae of said proposed third-party monitor to Paul Johnson Drywall, who shall provide the same to the District Director of the Wage and Hour Division's Phoenix office.  The District Director shall have the right to reject the selected monitor within 10 days and direct that a different monitor be proposed.  If the District Director rejects three monitors proposed by the Drywall Subcontractor, the Court will select the third-party monitor upon request of any party.

b. The third-party monitor shall have the ability to communicate with the Drywall Subcontractor's workers in their native language(s), or, shall be provided with an interpreter as necessary at the Drywall Subcontractor's expense.

c. The Drywall Subcontractor shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of the Drywall Subcontractor's workers and to payroll and time records.

d. The third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to the Drywall Subcontractor's compliance with the FLSA.

e. If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, the Drywall Subcontractor shall pay the wages due within 30 days and shall provide a copy of the written report together with a plan to remedy the violations to Paul Johnson Drywall, who shall provide the report to the Wage and Hour Division, United States Department of Labor.

f. If the third-party monitor directs changes in the Drywall Subcontractor's policies and/or procedures, or directs that the Drywall Subcontractor take action to comply with the FLSA or regulations issued under the FLSA, the Drywall Subcontractor's shall do so.

g. The third-party monitor shall have the duty to conduct off-site interviews with the Drywall Subcontractor's workers; such interviews, and other communications between workers and the monitor may be kept confidential (except as to authorized representatives of the U.S. Department of Labor) at the option of each worker and copies of all notes and interviews conducted by the monitor may be turned over by the monitor to the District Director, Phoenix Office, U.S. Department of Labor, along with the audit report, if requested by the District Director, Phoenix District Office, U.S. Department of Labor.

h. The Drywall Subcontractor shall not discriminate or retaliate against workers for cooperating or communicating with the third-party monitor.

i. Upon completion of the audit, the Drywall Subcontractor will certify to Paul Johnson Drywall that the audit has been complete.

11.     During the calendar year of 2014, Defendants shall implement an educational campaign to promote awareness of the importance of compliance with the requirements of the FLSA in the Arizona construction industry, as set forth in this Consent Judgment.   Defendants will ask to address the Home Builders Association of Central Arizona, Northern Arizona Builders Association, Southern Arizona Home Builders Association, and American Subcontractors Association of Arizona.   The presentation(s) will address the obligations of employers in the construction industry to pay the minimum wage and overtime rates and the

1  importance of pay practices that promote adherence to the FLSA.  Defendants shall

2  specifically address in their presentation(s) the importance of properly classifying

3  and paying workers in the drywall industry as employees under the FLSA, and of

4  identifying the costs to workers, law-abiding employers, and taxpayers of

5  unlawfully misclassifying employees as independent contractors.

6       12.   Defendants shall promote awareness of the importance of compliance

7  with the requirements of the FLSA by writing and submitting for publication

8  (which may include online publications) to one or more construction industry

9  publications an article that addresses the obligations of employers in the

10  construction industry to pay the minimum wage and overtime, and the importance

11  of pay practices that promote adherence to the FLSA.  The article will be tailored

12  to drywall subcontractors similarly situated to Defendants and will specifically

13  address the proper classification of workers in the drywall industry as employees

14  under the FLSA.  No later than June 30, 2014, Defendants will provide the Wage

15  and Hour Division with a draft of the article prior to its submission, for review for

16  accuracy.  The Wage and Hour Division shall have 30 days to review the article.

17  Defendants will cooperate with the Wage and Hour Division to ensure that the

18  information included in the article is accurate.  Defendants shall provide a final

19  copy of the article to the Wage and Hour Division upon the article's publication.

20  Defendants agree to have the article published.

21       13.   On at least an annual basis, Defendants shall hire an independent

22  third-party to conduct supervisor training as to the requirements of the FLSA (for

23  the purposes of this training, Defendants' legal counsel is considered an

24  independent third-party).  The training shall be for one session of not less than one

25  hour with an opportunity for questions and answers and shall address the FLSA's

minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly as employees as opposed to independent contractors.   All supervisors and employees who determine Paul Johnson Drywall employees' pay or schedules or who prepare payroll shall attend this training.   Defendants shall maintain documentation of these trainings for a period of four years and shall provide it to representatives of the Secretary of Labor upon request.   This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

14.   Within 45 days of the date that Defendants sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, Defendants shall permit representatives from Wage and Hour to conduct a training session for Paul Johnson Drywall employees.   The training shall be compensable time for which employees shall receive pay and shall not exceed one hour.   Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA and specific considerations relating to piece rate construction employees, and the FLSA's requirements regarding the definition of "employees" versus "independent contractors."   Upon a determination by Wage and Hour representatives, said training may be followed by a confidential question and answer session limited to two hours between Wage and Hour representatives and Defendants' employees, during which time Wage and Hour representatives shall have the discretion to exclude supervisors and managers ("Q&A Session").   The Q&A Session shall also be compensable time for which employees shall receive pay.   This training shall be repeated one additional time no earlier than twelve months after the initial training and no later than twenty-four months after the initial training subject to Wage and Hour representatives' availability.   Paul Johnson Drywall and Wage and Hour representatives will cooperate on the

scheduling of this training, recognizing that because Paul Johnson Drywall's employees work in various locations throughout the State of Arizona, multiple trainings at multiple locations may be required.

15.     On request by Wage and Hour representatives, Defendant Robert Cole Johnson will meet with Wage and Hour representatives once during the calendar year of 2014 for no more than three hours at Defendants' Prescott office to discuss current and historical project costing and bidding data.

16.     Prior to October 1, 2014, Defendants will assist Wage and Hour representatives in identifying the crew members who performed work for Paul Johnson Drywall during the Back Wage Accrual Period.  This includes access to records and an opportunity for Wage and Hour representatives to interview superintendents, foremen, and crew leaders.

17.     Within 60 days after the entry of this Consent Judgment, Defendants shall provide written information to all then-existing employees that discusses the FLSA generally and employees' entitlement to minimum wages and overtime compensation under the FLSA, including specific examples of how overtime is computed for hourly and piece rate-employees, and that includes references to the Department of Labor's Wage and Hour Division website.  (www.dol.gov/whd). This information may be provided to employees in paper form, may be included in any Employee Handbook that Paul Johnson Drywall provides to its employees, or may be provided on the Paul Johnson Drywall website (www.pauljohnsondrywall.com).

18.     No later than December 31, 2014, Defendants shall obtain an audit of their compliance with the FLSA, and regulations issued under the FLSA, to be conducted by a third-party monitor hired at Defendants' expense, which may be an attorney, an accountant, or some other professional knowledgeable about the

FLSA.  The third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to Defendants' compliance with the FLSA.  In the event that the third-party monitor finds non-compliance with the FLSA, Defendants shall provide a copy of the written report to the Wage and Hour Division, United States Department of Labor.

      a. Before the third-party monitor begins work, Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to the District Director of the Wage and Hour Division's Phoenix office.  The District Director shall have the right to reject the selected monitor within 10 days and direct Defendants to propose a different monitor. If Defendants and the District Director are unable to agree upon a third-party monitor after three monitors have been proposed by the Defendants and rejected by the Wage and Hour Division, the Court will select the third-party monitor upon request of any party.

      b. The third-party monitor shall have the ability to communicate with Defendants' workers in their native language(s), or, shall be provided with an interpreter as necessary at Defendants' expense.

      c. Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of Defendants' workers and to payroll and time records.

      d. If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due within 30 days.

      e. If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that Defendants take action to comply with the FLSA or regulations issued under the FLSA, Defendants shall do so.

      f. The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers; such interviews, and other

communications between workers and the monitor may be kept confidential (except as to authorized representatives of the U.S. Department of Labor) at the option of each worker; and copies of all notes and interviews conducted by the monitor may be turned over to the District Director, Phoenix Office, U.S. Department of Labor, along with the audit report, if requested by the District Director, Phoenix District Office, U.S. Department of Labor.

g. Discrimination or retaliation by Defendants against workers for cooperating or communicating with the third-party monitor is prohibited to the fullest extent of 29 U.S.C. § 215(a)(3).

19.    Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached Exhibit 2, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 2 to all new hires, and post a copy at its Prescott and Phoenix locations in an area that is frequented by employees and where it is visible.  In addition, within 10 days of the entry of this Judgment, Defendants shall post this Consent Judgment (excluding Exhibits 1 and 2) at its Prescott and Phoenix locations in an area that is frequented by employees and where it is visible.  This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

20.    Any notice under this Consent Judgment may be served on the Defendants by serving a written notice on Defendants' counsel of record in this matter, Scott Rodgers and Kristin Windtberg of Osborn Maledon, P.A.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 or the Amended Exhibit 1, nor as to any employee named on the attached Exhibit 1 or the Amended Exhibit 1 for any period not specified

therein, nor as to any employer other than Defendants; and it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall act as a bar to any action or claim against Defendants under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee named on the attached Exhibit 1 or the Amended Exhibit 1 for the period listed therein; and it is further

ORDERED that this Judgment represents a full, final, and complete judicial resolution of all claims alleged against Defendants in the Secretary's Complaint, including all FLSA matters arising out of the Investigation, as that term is defined in the Complaint, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than the Defendants; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 2nd day of June, 2014.


_____
Susan R. Bolton
United States District Judge

For the Defendants:

The Defendants hereby appear and consent to the entry of
this Judgment, and waive notice by the Clerk of Court:

For:  Paul Johnson Drywall, Inc.

By: ___Robert Cole Johnson___          ___5-9-14___
        Robert Cole Johnson                    Date

Its: President

For:  Robert Cole Johnson

By: ___Robert Cole Johnson___          ___5-9-14___
        Robert Cole Johnson                    Date

1    Attorneys for the Defendants
     Osborn Maledon, P.A.
2

3

4    _____        $\frac{5/9/14}{\text{Date}}$
     Scott W. Rodgers, Attorney
5    Kristin L. Windtberg, Attorney
6    Attorneys for Defendants
     Paul Johnson Drywall, Inc. and
7    Robert Cole Johnson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CONSENT JUDGMENT**                                    **Page 20 of 37**

1

For the Plaintiff:

2 M. PATRICIA SMITH
Solicitor of Labor
3

4 JANET M. HEROLD
Regional Solicitor
5

6 DANIEL J. CHASEK
Associate Regional Solicitor
7

8 LAURA BREMER,
Trial Attorney
9

10

5 — 9—14

_____          _____
11 BORIS ORLOV, Trial Attorney                Date
Attorneys for the Plaintiff
12 U.S. Department of Labor

13

14

15

16

17

18

19

20

21

22

23

24

25

**CONSENT JUDGMENT**                         **Page 21 of 37**

# EXHIBIT 1

ACOSTA, RODRIGO
ADAME, FELIPE
ADQUI, MARVIN
AGUAYO, GILBERT
AGUIAR, ENRIQUE MENDEZ
AGUILAR, LUIS C.
AGUILAR, PAUL
AGUILAR, SABINO BARRAGON
AGUILAR-YEPEZ, SERGIO A
AGUILERA, MIGUEL PADILLA
AGUILERA, RUBEN
ALBIR, LIBRADO CASILDO
ALCARAZ BACA, JESUS E
ALEGRIA, DOLORES A
ALEXANDER, ROSE
ALLEN, GEORGE W
ALLISON, ROBERT H
ALMANZA, JAVIER GALLARDO
ALVARADO, MARIO
ALVAREZ, ISAIAS A.
ALVAREZ, JORGE
ANDRADE PERALTA, RAMON A
ANDRADE, JOSE
ANDRADE, MIGUEL
ANGEL CORTEZ, JUAN G
ANGULO, MARIO
ARECHIGA, MANUEL CORONADO
ARECHIGA, TOMAS CORONADO
ARELLANO, MANUEL
AREVALO, MICHAEL
ARGONA, RICARDO
ARMBOY, EMANUEL M
ARREOLA, GABRIEL FLORES
ARRIOLA-MIRANDA, JAVIER C
ASTORGA-MERCADO, RAFAEL
AYALA, LUIS ANTONIO
AYALA, OBENIEL DIAZ
BARAJAS, EMILIO Q
BARFIELD, JOHN
BARRAZA, JORGE ALBERTO JOYA
BAUTISTA, RAFAEL B
BECERRA, JUAN C
BENITES, JUAN CARLOS MEJIA
BOJORQUEZ, FERNANDO
BONILLA, AURELIO MEZA
BONILLA, ROBERTO LANDAZORI
BRACAMONTES, ELISEO
BRAMBILA, ORENCIO
BRAMBILA-VILLA, MARIO
BUSTAMANTE, JESUS

| | |
|---|---|
| 1 | BUSTAMANTE, MARCOS |
| | BUSTILLOS, ABEL TENA |
| | CABRERA, DAVID |
| 2 | CABRERA, GUADALUPE |
| | CACKLER, JESSE T |
| 3 | CALDERA, ERNESTO |
| | CAMPA, JUAN |
| 4 | CAMPOS, JORGE |
| | CANCHOLA MORENO, JOSE |
| 5 | CANCHOLA, GUSTAVO |
| | CANEZ, JUAN S |
| 6 | CARRILLO, JOSE D |
| | CARRILLO, LUIS |
| 7 | CASTANEDA, URIEL |
| | CASTELLON, GIOVANI |
| 8 | CASTILLO, JOSE LUNA |
| | CASTILLO, RAFAEL HERNANDEZ |
| 9 | CASTRO, ALFREDO |
| | CATANO, EDUARDO OLIVAS |
| 10 | CAZARES, JAVIER |
| | CEREZO, ENRIQUE SOLEDAD |
| 11 | CHARTIER, RANDALL A |
| | CHAVARIN, LUIS |
| 12 | CHAVES, ALBERTO |
| | CHAVES, ALFONSO ARGUELLOS |
| 13 | CHAVEZ MALTOS, JESUS MIGUEAL |
| | CHAVEZ, ANTHONY E. |
| 14 | CIPRANO, JOHN S |
| | COE, DAVID B |
| 15 | COLINA, RACIEL |
| | CONANT, NICK |
| 16 | CONTRERAS, ARTURO C |
| | CONTRERAS, JULIAN |
| 17 | CORDERO R., FERNANDO |
| | CORDERO R., PEDRO |
| | CORDERO ZUNIGA, CARLOS |
| 18 | CORDERO, BERNARDO |
| | CORDERO, GERARDO |
| 19 | CORDERO, VICTOR M |
| | CORDOVA, ARTURO D. |
| 20 | CORDOVA, RUBEN G |
| | CORDOVA, SALVADOR MARQUEZ |
| 21 | CORRAL, JUAN CARLOS |
| | COTA ALVAREZ, OMAR |
| 22 | COURT, JOSH A |
| | CRUM, LEROY A |
| 23 | CRUZ, DAVID RETANO |
| | CRUZ, ENRIQUE C |
| | CRUZ, FREDDIE |
| 24 | CRUZ, JUAN CARLOS |
| | CRUZ, MOISES NEGRETE |
| 25 | CRUZ, REYMUNDO |
| | CUEVAS, JORGE I |

1

CURRY JR, ROGER A
DAVID, DENNIS C
DE LA OR, FRANCISCO

2

DE LOS SANTOS, ABELARDO
DEANDA, RAUL

3

DELAVINA, ANTHONY W
DELGADILLO, GABRIEL

4

DELGADO, JOEL
DENHAM, LANCE A

5

DEVINE, BRADLEY W
DIAZ JR., CARLOS

6

DIAZ, ISAAC TAPIA
DIAZ, MICHAEL ANGEL

7

DOMINGUEZ CHAIDES, RAUL
DOMINGUEZ, VALENTIN

8

DURAN, CRUZ A.
ELACIO, JUAN GALLEGOS

9

ESCOBAR, EDWIN E
ESCOBEDO, ENRIQUE

10

ESPINAL, JUAN
ESPINOZA, CARLOS I
ESPINOZA, JOSE S

11

ESPINOZA, RODRIGO
ESQUIBEL, DAVID

12

ESTRADA, MIGUEL ANGEL
FALCON, ARNALDO

13

FARRALL, ROBERT
FERNANDEZ, MARIA A

14

FIELDS, MICHAEL A
FLORES, DAVID ESCALANTE

15

FLORES, MARTIN GOMEZ
FRANCO IRIQUI, RAMON

16

FULLER, JOHN R
GALLARDO C., LAURENCIO

17

GALLEGOS, DAVID
GAMAZ, RUDY
GAMES, JUAN CARLOS

18

GARCIA, ALBERTO COSS
GARCIA, ALEJANDRO

19

GARCIA, DANIEL OMAR
GARCIA, JORGE ARMANDO

20

GARCIA, JOSE LUIS R
GARCIA, JOSE MANUEL

21

GARCIA, JUAN
GARCIA, MICHAEL A

22

GARCIA, WILFREDO
GARCIA-GODINEZ, OSCAR M

23

GASTELUM JR., JUAN M
GASTELUM ROCHIN, CESAR

24

GASTELUM, ALEJO
GIL SAHAGUN, OMAR

25

GIRON SOLIS, ENRIQUE
GOMEZ MORALES, ENOC
GONZALES, HECTOR JESUS

| | |
|---|---|
| 1 | GONZALES, MICHAEL |
| | GONZALEZ, CRISOFORO |
| | GONZALEZ, ENRIQUE |
| 2 | GONZALEZ, OMAR |
| | GRANADOS MAYNEZ, CARLOS A |
| 3 | GRAY, BILLY G |
| | GUERRA MONTANO, MIGUEL |
| 4 | GUERRA, MIGUEL |
| | GUTIERREZ TOLEDO, JESUS E |
| 5 | GUTIERREZ, ABEL |
| | GUTIERREZ, FELIPE DE JESUS |
| 6 | GUTIERREZ, JOSE H. |
| | HALEY, CHET A |
| 7 | HARAN, ELIZABETH A |
| | HARDY, AUBREY LARRY |
| 8 | HARO VASQUEZ, OBED A |
| | HAROS, ROGELIO |
| 9 | HERNANDEZ, BENJAMIN CORTEZ |
| | HERNANDEZ, EVERARDO AGUILAR |
| 10 | HERNANDEZ, FRANCISCO |
| | HERNANDEZ, JORGE LUIS |
| 11 | HERNANDEZ, JOSE |
| | HERNANDEZ, LUIS ALBERTO |
| 12 | HERNANDEZ, MELITON MARTINEZ |
| | HERNANDEZ, OMAR B |
| 13 | HERNANDEZ, RICARDO |
| | HERNANDEZ, VIDAL |
| 14 | HERRERA, DANIEL |
| | HERRERA, PEDRO |
| 15 | HIDALGO, CARLOS J |
| | HIGUERA, EDGAR |
| 16 | HINOJOSA, HECTOR R |
| | HODGE, ANA KARINA |
| 17 | HOFFMAN, KEITH H |
| | HUAYLINOS-BILBAO, CARLOS |
| 18 | HUGUES, HUGO |
| | HUNICKE, ANTHONY B |
| 19 | IBARRA URQUIDEZ, JOSE M |
| | INFANTE, CESAR NOEL |
| 20 | ISIDORO, JAVIER PEREZ |
| | JARAMILLO, LUIS S |
| 21 | JASSO, JORGE |
| | JIMENEZ H, JUAN |
| 22 | JIMENEZ, EVELIO |
| | JIMENEZ, GREGORIO A |
| 23 | JUAREZ, FRANCISCO HURTADO |
| | KERNS, SPENCER L |
| 24 | LANDEROS, RICARDO C |
| | LANZA, ELSON E. |
| 25 | LARA, JOHN A |
| | LARA, PETER D |
| | LARIOS, FRANCISCO J |
| | LECHUGA, JESUS M |

LECHUGA, MARIO

1

LIZCANO, RENE

LOERA, FELIPE

2

LOPEZ, ALBERTO M

LOPEZ, ARMANDO CHAVEZ

3

LOPEZ, CLAUDIA

LOPEZ, GERARDO

4

LOPEZ, JAVIER GONZALEZ

LOPEZ, JOSE LUIS

5

LOPEZ, JUAN CARLOS

LOPEZ, MARGARITO

6

LOPEZ, RAMON

LOPEZ, RUDY

7

LOPEZ-AVILA, VICTOR ARTURO

LOPEZ-BARAJAS, JOSE DE JESUS

8

LOZA, ADRIAN

LUNA GONZALEZ, JOSE

9

LUNA, ALFREDO CASTILLO

LUQUE, MICHAEL

10

LUQUE, STEVE P

LUTZ, JEFFREY C

11

MANCILLAS, ANTONIO MARTINEZ

MARIN, LUIS ANDRES

12

MARIN, LUIS FELIPE MOLINA

MARISCAL, JAIME

13

MARISCAL, MANUEL LUNA

MARQUEZ, OMAR

14

MARR, JAMES

MARTINEZ BARBA, GUSTAVO

15

MARTINEZ FERNANDEZ, HECTOR L

MARTINEZ, ABRAM MORENO

16

MARTINEZ, BRANDON

MARTINEZ, CARLOS MARTINEZ

17

MARTINEZ, CESAR

MARTINEZ, GABRIEL

18

MARTINEZ, JOSE M

MARTINEZ, LUIS MIGUEL

19

MARTINEZ, MANUEL

MATIAS, ANGEL

20

MCGRANE, AARON L

MEDINA, ROBBIE A

21

MEJIA, EDWIN A

MELGAR, AGUSTIN

22

MENDOZA OLIVAS, RUBEN

MERANCIO, VICTOR A

23

MERKLEY, STEPHEN R

MEZA, CECILIO

24

MIGUEL JR., MICHAEL W

MINJARES CORRAL, EDUARDO

MOLINAR C., ALDO R

25

MONGE, GUADALUPE

MONJE, JUAN

MORALES, ARTURO

MORALES, HUMBERTO M
MORALES, LUIS ENRIQUE
MORAN, NOE
MORENO CASTILLO, JESUS E
MORENO, BENTURA BERMUDEZ
MORENO, MARTIN GABRIEL
MORONES, DANNY C
MUNDO, LUIS
MUNOZ, ANTHONY GABRIEL
MUNOZ, MANUEL A.
NAJERA-BARRIOS, RAMI
NAVARRO VEGA, ABEL
NAVARRO, ALBERTO V
NIEBLAS, CARLOS CERVANDO MEDINA
NOVOA, EDUARDO CHAVEZ
OCHOA, RAFAEL
OCHOA, VICENTE
OJEDA, DANIEL CASTRO
OJEDA, RAUL
OLIVERA, JOSE LUIS
ORTEGA, MARGARO
ORTIZ, CRESCENCIO
ORTIZ, JUAN
ORTIZ, RICARDO RAYA
OSUNA, JESUS
PADILLA, DANIEL A
PADILLA, DANIEL CHRISTOPHER
PALOMARES, JUAN RAMON
PARRA, PEDRO
PASCUAL, CESAR
PATINO, FRANCISCO
PATINO, MAURICIO
PELAYO, JOSE LUIS
PENA, GERONIMO
PENA, PRIMITIVO PEREZ
PENA-GUITRON., GREGORIO
PEREZ LEPE, RIGOBERT
PEREZ, JOSE
PEREZ, JUAN A
PEREZ, MANUEL CAX
PEREZ, TULIO TORRES
PEREZ-MERCHAN, TEODULO
PETERS, SANDRA L
PUENTE, PEDRO PEREZ
QUIRINO, AMANCIO GARCIA
RAFAEL CASTILLO, MARCIAL
RAMIREZ TORRES, MARIO A
RAMIREZ, ANTONIO
RAMIREZ, CARLOS V
RAMIREZ, CESAR
RAMIREZ, FELIPE
RAMIREZ, FERNANDO
RAMIREZ, JOEL

| | |
|---|---|
| 1 | RAMIREZ, JORGE |
| | RAMIREZ, JUAN M |
| | RAMIREZ, RAFAEL |
| 2 | RAMOS, JUAN MANUEL QUEZADA |
| | RAMOS, MARCOS |
| 3 | RANDOLPH, JOHN E |
| | REED, ROBERT N |
| 4 | REYES, MAYRA A |
| | RIOS DIAZ, JOSE G |
| 5 | RIOS FIGUEROA, JESUS MANUEL |
| | RIVERA G., JOSE M. |
| 6 | RIVERA, ARMANDO G |
| | RIVERA, JOSE |
| 7 | RIVERA, JUAN |
| | RIVERA, OSWALDO |
| 8 | RIVERA2, JUAN CARLOS |
| | ROBESON, BERNARDO |
| 9 | ROCHA GASTELUM, LEOPOLDO |
| | ROCHA, LEOPOLDO G |
| 10 | RODRIGUES, JAVIER |
| | RODRIGUEZ RIOS, ENRIQUE |
| 11 | RODRIGUEZ S., JOSE |
| | RODRIGUEZ, ALBERTO GARCIA |
| 12 | RODRIGUEZ, ANGEL SAHAGUN |
| | RODRIGUEZ, DANIEL |
| 13 | RODRIGUEZ, DAVID |
| | RODRIGUEZ, HENRY F |
| 14 | RODRIGUEZ, JESUS BARAJAS |
| | RODRIGUEZ, JUAN |
| 15 | RODRIGUEZ, JUAN CARLOS |
| | RODRIGUEZ, JUAN LUIS |
| 16 | RODRIGUEZ, JUAN LUIS (TAPER) |
| | RODRIGUEZ, LEONEL HERNANDEZ |
| 17 | RODRIGUEZ, MARIA F |
| | RODRIGUEZ, MARTIN HERNANDEZ |
| 18 | RODRIGUEZ, RODRIGO |
| | ROJAS, ADALID PANIGUA |
| 19 | ROJAS, JAVIER |
| | ROLLINS, THOMAS W |
| 20 | ROMAN ACOSTA, JOSE |
| | ROMAN, RAMON A. |
| 21 | ROMERO MONTOYA, JOSE L |
| | ROMERO, JAIME |
| 22 | ROMERO, JOSE FLORES |
| | ROMERO, JOSE S |
| 23 | ROMERO, OSWALDO |
| | ROMERO, ROBERT |
| 24 | ROSALES, DIEGO |
| | RUIZ CRUZ, HECTOR MANUEL |
| 25 | RUIZ SANCHEZ, ORALIA |
| | RUIZ, FELIX COLIN |
| | RUIZ, FRANCISCO S |
| | RUIZ, JOSE |

1
RUIZ, MARCOS ANTONIO CRUZ
RUIZ, NICHOLAS SANCHEZ
RUSSO, STEVEN P

2
SAHAGUN, AZUCENA
SAHAGUN, JUAN J

3
SALAS, JUAN
SALAZAR, SANTIAGO

4
SALDANA, JUAN CARLOS
SANCHEZ, DINORA

5
SANCHEZ, HERMAN VERDUZCO
SANCHEZ, JOSE RIVERA

6
SANCHEZ, VICTOR MANUEL
SANCHEZ-MARTINEZ, FERNANDO

7
SANDERSON, SHAYDE A
SANDOVAL RODRIGUEZ, JORGE

8
SANDOVAL, GUSTAVO E
SANDOVAL, LEOPOLDO

9
SANDOVAL, SERGIO
SANTIAGO, WILFREDO

10
SEBASTIAN, MARCELO P
SESMA, ERICK GALAVIZ

11
SHREVE, DOUGLAS C
SIMON, ASCENCION SANTIAGO

12
SKY, ANTHONY
SMITH, JAMES J

13
SMITH, JASON
SOTELO, FERNANDO ENCINAS

14
SOTO HUITRON, FERMIN
SOTO, ANDRES

15
SOTO, JESUS VALDEZ
SOTO, LUIS

16
SOTO, SEFAFIN LUCIO
TALAMANTE, JOSE JULIAN

17
TAPIA, DEMETRIO
TAPIA, JOSE PENA

18
TATE, JERMAINE
TERRIEN JR, ALLAN R

19
TERRIEN, ARTHUR
TOLEDO, OSCAR

20
TORIBIO, ALFONSO HERNANDEZ
TORO, PHILBERTO

21
TORRES DIAZ, ANIBAL
TORRES ESTRADA, AGUSTIN

22
TORRES, FRANCISCO BISCARRA
TORRES, JAIME BARRAZ

23
TORRES, JOSE J
TORRES, JOSE JAVIER

24
TORRES-ESTRADA, JOSE
TORREZ, LORENZO CASTANEDA

25
TORREZ, RICARDO R
TREVIZO, OMAR R
URIAS, JAVIER DOMINGUEZ
VALENZUELA LOPEZ, DAVID E

VALLES FUENTES, GERARDO
VARGAS RAMIREZ, ARNULFO
VASQUEZ, EVELIO
VASQUEZ, JOSE VASQUEZ
VELASQUEZ, HECTOR
VELAZQUEZ, RUBEN
VENTURA, LUCIO G
VENTURA, VICTORINO
VILLARREAL, HUMBERTO
VILLASENOR, ROGELIO A.
VILLEGAS, PAULINA L
WALLACE, SEAN K
WARDEN, STEVE
WATKINS, DOUGLAS H
WEBRAND, RYAN
WHITT, DAVID E
WILKERSON, TY
WILLIAMSON, RICK G
ZAMORANO, RAUL GUTIERREZ
ZAMORANO, ESTEBAN H
ZARAGOZA, VICENTE
ZAVACKY, RYAN
ZINTZ, JEAN

**EXHIBIT 2**

**LEGAL NOTICE TO ALL EMPLOYEES**

   To settle and resolve a dispute with the Department of Labor, the United States District Court entered an Order prohibiting **Paul Johnson Drywall, Inc.** from violating the overtime requirements of the Fair Labor Standards Act.  All employees who work for **Paul Johnson Drywall, Inc.**, can help the employer not to violate the Court's Order.  If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (602) 514-7100 and your name will be kept confidential.

   The Fair Labor Standards Act provides that all employees must be paid minimum wage for all hours worked.  In addition, non-exempt employees must be paid overtime, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All non-exempt employees, whether they are paid hourly or on a piece or flat rate basis are entitled to overtime when they work over 40 hours.

   **If you are paid by piece, the following examples demonstrate how to compute minimum wage and overtime:**

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours in a week

   $200.00 / 40 hours = $5.00 per hour

   Difference = $7.90 (Arizona Minimum Wage) - $5.00 = $2.90 per hour

***$2.90 per hour x 40 hours = $116.00 minimum wage due***

**Total Pay: $200.00 in piecework + $116.00 in minimum wage = $316.00.**

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

 $425.00 / 50 hours = $8.50 per hour

 $8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

*$4.25 x 10 hours = $42.50 in overtime premium due*

**Total pay: $425.00 in piecework + $42.50 in overtime premium = $467.50.**

**Example 3:**

Employee C produced $600.00 in piecework and worked 60 hours

 $600.00 / 60 hours = $10.00 per hour

 $10.00 per hour x 0.5 (half time) = $5.00 per hour due for OT hours

*$5.00 x 20 hours = $100.00 in overtime premium due*

**Total pay: $600.00 in piecework + $100.00 in overtime premium = $700.00.**

**Example 4:**

Employee D produced $365.00 in piecework and worked 50 hours

 $365.00 / 50 hours = $7.30 per hour

 Difference in Reg. Rate = $7.90 (State minimum wage) - $7.30 = $.60 per hour

 $0.60 x 50 hours = $30.00 in regular rate due

 $7.90 x 0.5 (half time) x 10 hours of OT = $39.50 in overtime premium due

*$30.00 in regular rate and $39.50 in overtime premium = $69.50*

**Total Pay: $365.00 in piecework + $30 in regular rate + $39.50 in overtime premium = $434.50**

   **If you are paid by the hour, the following examples demonstrate how to compute minimum wage and overtime:**

**Example 5:**

Employee E was paid $5.00 per hour and worked 40 hours in a week

   Difference = $7.90 (Arizona Minimum Wage) - $5.00 = $2.90 per hour

*$5.00 per hour x 40 hours = $200.00 paid*

*$2.90 per hour x 40 hours = $116.00 minimum wage due*

**Total Pay: $200.00 + $116.00 in minimum wage = $316.00.**

**Example 6:**

Employee F makes $10.00 per hour and worked 60 hours in a week

   $10.00 x 40 hours = $400.00

   $10.00 x 1.5 = $15.00 overtime hourly rate

   $15.00 x 20 overtime hours = $300.00 for overtime hours

**Total pay: $400.00 for the first 40 hours and $300.00 for 20 overtime hours = $700.00.**

   **For more information you can visit the U.S. Department of Labor Website:** www.dol.gov/whd.

### NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para sellar y resolver la disputa con el Departamento de Trabajo, La Tribunal del Distrito estadounidense puso una orden prohibiendo que **Paul Johnson Drywall, Inc.** viole los requerimientos de sobretiempo de La Ley de Normas Justas de Trabajo.  Todos los empleados que trabajan para **Paul Johnson Drywall, Inc.,** pueden ayudarle al empresario a no violar la Orden de la Tribunal. Si usted piensa que no le está pagando según la ley, llame al Departamento de Trabajo, Sección de Horas y Sueldos, al (602) 514-7100 y su nombre permanecerá anónimo.

La Ley de Normas Justas de Trabajo requiere que se les pague a todos los empleados un salario mínimo para todas las horas trabajadas.  Además, los empleados no exentos tienen que recibir sobretiempo, a una tasa de no menos de tiempo y medio del salario regular del empleado, por cada hora trabajada en la semana laboral en exceso de cuarenta.  Todos los empleados no exentos, no importa si se le paga por hora, por pieza o por un salario, tienen derecho a recibir el sobretiempo a partir de cuarenta horas trabajadas.

**Si se le paga por pieza, los siguientes ejemplos demuestran como computar el salario mínimo y el sobretiempo:**

**Ejemplo 1:**

Empleado A gana $200.00 por las piezas producidas y trabajó 40 horas durante una semana laboral

$200.00 / 40 horas = $5.00 por hora

1      Diferencia = $7.90 (salario mínimo del estado de Arizona) - $5.00 = $2.90

2 por hora

3 *$2.90 por hora x 40 horas = $116.00 debido en el salario mínimo*

4 **Pago Total: $200.00 por las piezas + $116.00 por el salario mínimo = $316.00.**

5

6 **Ejemplo 2:**

7 Empleado B gana $425.00 por las piezas producidas y trabajó 50 horas durante una

8 semana laboral

9      $425.00 / 50 horas = $8.50 por hora

10      $8.50 por hora x 0.5 (mitad de la tasa regular) = $4.25 por hora por las horas

11 de sobretiempo

12

13 *$4.25 por hora x 10 horas = $42.50 por el sobretiempo*

14 **Pago Total: $425.00 por las piezas + $42.50 por el sobretiempo = $467.50**.

15

16 **Ejemplo 3:**

17 Empleado C gana $600.00 por las piezas producidas y trabajó 60 horas durante una

18 semana laboral

19      $600.00 / 60 horas = $10.00 por hora

20      $10.00 por hora x 0.5 (mitad de la tasa regular) = $5.00 por hora por las

21 horas de sobretiempo

22 *$5.00 x 20 horas = $100.00 por el sobretiempo*

23 **Pago Total: $600.00 por las piezas + $100.00 por el sobretiempo = $700.00.**

24

25 **Ejemplo 4:**

1  Empleado D gana $365.00 por las piezas producidas y trabajó 50 horas durante una

2  semana laboral

3         $365.00 / 50 horas = $7.30 por hora

4         Diferencia en la tasa regular = $7.90 (salario mínimo del estado de Arizona)

5  - $7.30 = $0.60 por hora

6         $0.60 x 50 horas = $30.00 por la tasa regular

7         $7.90 x 0.5 (mitad de la tasa regular) x 10 horas de sobretiempo = $39.50

8  por el sobretiempo

9  ***$30.00 por la tasa regular y $39.50 por el sobretiempo = $69.50***

10 **Pago Total: $365.00 por las piezas producidas + $30.00 por la tasa regular +**

11 **$39.50 por el sobretiempo = $434.50.**

12

13

14        **Si se le paga por hora, los siguientes ejemplos demuestran como**

15 **computar el salario mínimo y el sobretiempo:**

16

17 **Ejemplo 5:**

18 Empleado E fue pagado $5.00 por hora y trabajó 40 horas durante una semana

19 laboral

20        Diferencia = $7.90 (salario mínimo del estado de Arizona) - $5.00 = $2.90

21 por hora

22 ***$5.00 por hora x 40 horas = $200.00 pagados***

23 ***$2.90 por hora x 40 horas = $116.00 por el salario mínimo***

24 **Pago Total: $200.00 + $116.00 por el salario mínimo = $316.00.**

25

**Ejemplo 6:**

Empleado F gana $10.00 por hora y trabajó 60 horas durante una semana laboral

$10.00 x 40 horas = $400.00

$10.00 x 1.5 = $15.00 por hora (la tasa de tiempo y medio)

$15.00 x 20 horas de sobretiempo = $300.00 por el sobretiempo

**Pago Total: $400.00 por las primeras 40 horas y $300.00 por los 20 horas de sobretiempo = $700.00**

**Para más información usted puede visitar el sitio de internet de la Sección de Horas y Sueldos de Departamento de Trabajo de EEUU**: www.dol.gov/whd.